# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON P. CORYELL, <br><br> Plaintiff, <br><br> v. <br><br> JUDGE JAMES OAKLEY, et al., <br><br> Defendants. | Case No. 1:18-cv-00045-DAD-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM <br><br> (ECF No. 1) <br><br> OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Shannon P. Coryell, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action. Currently before the Court is Plaintiff's "Notice of Motion of Omnibus Motion for 1) Court Appearance under Pen. C. § 1481; 2) for Evidentiary Hearing Regarding of Notice of Motion and Motion for Disqualification of Judge James Oakley for Cause; 3) Motion for Disqualification of Prosecuting Attorneys within Pen. C. § 1424(a)(1) Herein Against the State Attorney General's Office under the Jurisdiction of Pen. C. §§ 32, 182(a)(5) and Civil C. § 52.3 within the Standard of <u>Farmer v. Brennen</u>, 511 U.S. 825 (1994); 4) Notice of Motion for Appointment of Federal Prosecutor or Special Prosecutor and Justice Exercized [sic] under Petitioner's State Constitutional right Art. II § 1" which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

# DISCUSSION

Plaintiff filed a complaint in the Madera County Superior Court that is before Judge James Oakley. Judge Oakley granted a demurrer to the complaint and Plaintiff seeks to remove

the action to the United States District Court and have Judge Oakley removed from the matter. Plaintiff contends that he is making a citizen's arrest and charging Judge Oakley, Attorney General Burnly, and Supervisor Agnus with violations of the California Penal Code based on the handling of his underlying state case.

Based upon review of the pleading filed in this action, Plaintiff filed a complaint in state court that is being considered an excessive force claim. Plaintiff contends that he has filed a criminal complaint and Judge Oakley, Attorney General Burnly, and Supervisor Angus are guilty of obstructing justice by adjudicating his complaint as an excessive force claim. Plaintiff seeks an order that his state court case be removed to federal court, appointment of a special investigator to collect evidence, appointment of a special prosecutor to prosecute violations against him, appointment of counsel, and monetary damages.

**A.      Removal of State Court Civil Action**

Plaintiff seeks to remove an action that he filed in the Madera County Superior Court to federal court. (See First Am. Compl., attached at pp. 74-239, ECF No. 1.) The right to remove a case that was filed in state court to federal court vests exclusively in the defendant. Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. 1441(a). "The right to remove a state court case to federal court is clearly limited to defendants." Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988). A plaintiff who chooses to bring an action in state court cannot later remove the action to federal court. Id., Southland Corp. v. Estridge, 456 F. Supp. 1296, 1301 (C.D. Cal. 1978); Oregon Egg Producers v. Andrew, 458 F.2d 382, 383 (9th Cir. 1972). Plaintiff cannot remove his state court action to federal court. Therefore, this Court cannot decide the motion to disqualify the state court judge filed in the state court case.

Plaintiff's removal of this state court action was improper and this action should be remanded to state court. Further, Plaintiff's request for this Court to conduct an evidentiary hearing on his motion to disqualify Judge Oakley should be denied.

B.  **Prosecution under the California Penal Code**

Plaintiff states that he is making a citizen's arrest and wants to prosecute Judge Oakley, Attorney General Burnly, and Supervisor Agnus under the California Penal Code. Only the government has the authority to decide if criminal charges should be filed against an individual. Bailey v. Robinson, No. C08-1020RSL, 2009 WL 1034890, at *3 (W.D. Wash. Apr. 15, 2009). As a private individual, Plaintiff does not have the authority to bring criminal or civil charges against Judge Oakley, Attorney General Burnly, Supervisor Agnus, or any other individual under the California Penal Code. See Kapu v. Attorney Gen. Hawaii, No. CV 17-00213 DKW-RLP, 2017 WL 4479252, at *5 (D. Haw. Oct. 6, 2017) (private individuals have no authority to issue a criminal indictment for any criminal statute); Retanan v. California Dep't of Correction & Rehab., No. 1:11-CV-01629-GBC PC, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012) ("it is well-established that a private individual has no constitutional right and standing to bring a criminal complaint against another individual"). Whether to prosecute and the charges to file are decisions that generally rest in the prosecutor's discretion. United States v. Batchelder, 442 U.S. 114, 124 (1979). Plaintiff cannot criminally prosecute Judge Oakley, Attorney General Burnly, Supervisor Agnus, or any other individual.

California law allows a private party to arrest another for offenses committed or attempted in their presence, Cal. Pen. Code § 834, and may delegate the responsibility of taking the individual into custody to a peace officer. Meyers v. Redwood City, 400 F.3d 765, 772 (9th Cir. 2005). However, the law also provides the officer with the choice of making the citizen's arrest or not; and an officer need not take into custody an individual if there are insufficient grounds for making a criminal complaint against the person arrested. Cal. Pen. Code § 849(b)(1). "Where the officer makes an arrest pursuant to a citizen's arrest," "the federal Constitution requires police officers to have independent probable cause when effectuating a citizen's arrest." Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1108 (N.D. Cal. 2010). Determining whether to arrest is not within the discretion of this Court, but would be the decision of law enforcement. Plaintiff's request for the Court to order individuals to be arrested should be denied.

C. **Judicial Immunity**

Plaintiff cannot state a claim against Judge Oakley for actions taken in his judicial capacity. An act is judicial in nature when: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir.1999)). A judge is absolutely immune from damage liability as long as he performed a judicial act and did not act in the clear absence of jurisdiction, "even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 357, 359 (1978).

While Plaintiff makes allegations that Judge Oakley is prejudiced and biased against him, the only factual allegation in the complaint is that Judge Oakley granted the demurrer filed by defendants in the state court action by applying an excessive use of force standard rather than the standard in Hudson v. McMillian, 503 U.S. 1 (1992). (Compl. at 8.) However, even if Judge Oakley applied an incorrect legal standard in granting the demurrer, his actions would clearly be judicial in nature and entitled to judicial immunity. Similarly, to the extent that Plaintiff contends that Judge Oakley is adjudicating the state court action as an excessive force case rather than as a criminal complaint, deciding the claims that are proceeding in the complaint is a normal judicial function which centers around the controversy pending before the judge. Deciding legal issues are the types of actions that judges perform in their official capacity for which they are entitled to judicial immunity.

Judge Oakley is immune from damages for his judicial acts taken in the state law. The Court recommends that the claims against Judge Oakley be dismissed without leave to amend.

D. **Failure to Protect**

Plaintiff alleges that Attorney General Angus is violating California Penal Code section 368(b)(1) based on her arguing in his state law case that he suffered only the violation of the excessive use of force. Plaintiff argues that the Attorney General's Office violated multiple

5

California statutes because the practices and procedures of the Attorney General's Office protect the guilty or accused defendants. However, alleging violations of state law is insufficient to state an Eighth Amendment claim.

The Eighth Amendment's prohibition against cruel and unusual punishment protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). Although prison conditions may be restrictive and harsh, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that state officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that state officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Frost, 152 F.3d at 1128.

Plaintiff's conclusory allegations and argument are insufficient to state a cognizable claim under the Eighth Amendment. Basically, Plaintiff has alleged that he filed a complaint in state court which the Attorney General's Office is defending. Plaintiff has failed to allege any facts by which the Court can infer that any named defendant was aware that Plaintiff was at a substantial risk of harm and failed to adequately respond.

Further, when resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) citing with approval Williams v. Bennett, 689 F.2d 1370, 1384 (11th Cir. 1982)

("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party. One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries. Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.") Plaintiff alleges no facts to show that the named defendants were policy makers who could establish or implement policy related to the California Department of Corrections and Rehabilitation. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).

The Court recommends that the Eighth Amendment claims against Attorney General Burnly and Supervisor Agnus be dismissed for failure to state a claim.

**E.  Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015).

In this instance, the Court finds that it would be futile to grant further leave to amend. Plaintiff's claims in this action against Judge Oakley are barred by judicial immunity. Further, Plaintiff is attempting to allege claims against the attorneys that are representing the defendants in his state court action for failing to correct alleged constitutional violations at the California Department of Corrections and Rehabilitation. However, the Attorney Generals are not employed by the California Department of Corrections and Rehabilitation and have no control over the policies and procedures of the agency.

The Court recommends that this action be dismissed without leave to amend.

**F.  Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel. The United States Supreme Court has ruled

that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel should be denied.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff cannot remove his civil action from state court to federal court and the complaint fails to allege a cognizable claim for a violation of his federal rights against any named defendant. The Court finds that further amendment would be futile; and therefore, leave to amend should not be granted.

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED without leave to amend for failure to state a claim;
2. This action be REMANDED to the Superior Court of Madera County;
3. Plaintiff's request for the Court to hold an evidentiary hearing on his motion to recuse Judge Oakley be DENIED;
4. Plaintiff's motion for appointment of counsel be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 8, 2018**

UNITED STATES MAGISTRATE JUDGE